### *VILLAGE OF CLYDE v. JOHN B. MOHN, ADM'R.

**1. STATEMENT OF FACTS.**

K., in the year 1873, sold and conveyed land to C. (a municipal corporation). C. took possession under the deed. The contract of sale provided that C. should pay for the land as follows: $687.50 cash in hand, and the residue of the purchase price, to-wit: $2,062.50, on April 1, 1887, with interest on said deferred amount at the rate of eight per cent., payable annually. But in case K. should die before April 1, 1887, said deferred principal sum should not be paid at all. K. died before April 1, 1887, and C. paid said interest to April 1, 1887. In an action brought against C. by the administrator of K.'s estate after April 1, 1887, Held:

**2. PART OF INSEPARABLE CONTRACT CANNOT BE VALID AND PART INVALID.**

That the condition whereby said deferred principal should not be paid in the event of K.'s dying before said date, is an essential and inseparable part of said contract.

**3. NOT A WAGERING CONTRACT.**

That neither the condition nor the contract is void as being contrary to public policy, and that the plaintiff administrator cannot recover said principal sum. It is valid, just as a contract for support or an absolute gift would have been.

ERROR to the Court of Common Pleas of Sandusky county.

Richards & Heffner, for plaintiff in error.

The obligation executed by the village is valid, and must all be construed together.

If the transaction is contrary to public policy, Kline was in *pari delicto* and Mohn is without remedy. Hooker v. De Palos, 28 O. S., 251; Stoffer v. State, 16 O. S., 54; Kahn v. Walton, 46 O. S., 195, 207; Bd. of Education v. Thompson, 33 O. S., 321; 2 Pomeroy's Eq. Jur., secs. 938, 940.

The transaction was not a wager, as there was no mutuality of risk. Stewart v. Simpson, 2 Ohio Circ. Dec., 563.

If it were a wager, the right to recover is barred by limitation. Rev. Stat. 4269, 4270, 4273, 4983; Cooper v. Rowley, 29 O. S., 547.

And this right is not saved by the fact that Mohn claims a vendor's lien. 1 Jones on Mortgages, sec. 218; 15 N. Y., 505.

A wagering contract is absolutely void. See Bank v. Portner, 46 O. S., 381.

John M. Lemmon and Bartlett & Wilson, for defendant in error.

This is a wagering contract, and is also against public policy. Gittings v. Baker, 2 O. S., 21; Stoutenburg v. Lybrand, 13 O. S., 228; Crawford v. Wick, 18 O. S., 190; Kusworm v. Hess, 7 Dec. R., 224 (s. c. 1 Bull., 315); Burns v.

---

* This judgment was affirmed by the supreme court, without report, December 11, 1894.
2 Legal News. 139.

Seep,6 Dec. R. 847 (s.c. 8 A. L. R. 425);   Salt Co. v. Guthrie, 35 O. S., 666; 22 Minn., 52;   Harper v. Crain, 36 O. S., 338;   Lucas v. Harper, 24 O. S., 328; 45 Am. Dec., 761; 19 Am. Dec., 643; 25 Am. Dec., 451; 16 East, 156; 3 Bing. (N. C.), 88.   The whole subject is fully discussed in Greenhood on Public Policy, part 3, chap. 1.

The transaction amounts to an ineffectual attempt at testamentary disposition.   See Hamor v. Moore, 8 O. S., 239;   Starr v. Starr, 9 O. S., 74;   Phipps v. Hope, 16 O. S., 586.

It is said these parties were in *pari delicto.*   The answer is, no man can keep something for nothing, in Ohio, under plea of getting it contrary to law.

BENTLEY, J. (orally.)

John B. Mohn, as administrator of the estate of Barnhart Kline, deceased, brought an action in the court of common pleas in this county against the village of Clyde.   On motion, being required to amend his original petition, he filed an amended petition, to which a general demurrer was filed.   The demurrer coming on for hearing, was overruled by the court, and the village not asking to plead further, a final judgment was rendered against it as prayed for in said amended petition.

The case comes into this court on a petition in error filed by the said defendant below to reverse said judgment on the alleged ground that the court of common pleas erred in overruling said demurrer, and in rendering judgment against the said village.

The said amended petition, omitting caption and verification, is as follows:

AMENDED PETITION.

The said Jno. B. Mohn says that he is the administrator *de bonis non* of the estate of Barnhart Kline, deceased, late of said county, duly appointed by the probate court of said county and qualified and acting as such.   On May 27, 1873, said Barnhart Kline, then in full life, entered into a contract in writing, of which the following is a copy, with the said village of Clyde:   "Articles of agreement, made this 27th day of May, in the year of our Lord one thousand eight hundred and seventy-three, between Barnhart Kline, party of the first part, and the counsel of the incorporated village of Clyde, Ohio, party of the second part, witnesseth:   That the said party of the first part for and in consideration of the sum of twenty-seven hundred and fifty dollars, to be paid by the said party of the second part, as follows, to-wit:   Six hundred eighty-seven 50-100 dollars cash in hand, two thousand sixty-two 50-100 dollars April 1, 1887, at 8 per cent. annual interest, if said party of the first part be then living; if deceased, no part of the principal shall be paid after the death of the said party of the first part; covenant and agree with the party of the second part that will sell and convey by good and sufficient warranty deed, on the 31st day of May, 1873, to the party of the second part all of the certain piece, lot or parcel of land, situate, lying and being in the village of Clyde, Sandusky county, Ohio, and described as follows:   Commencing at north-east corner of E. D. Soper's lot 357, thence running north 55 feet, thence west ten rods, thence south 55 feet, thence east ten rods to point of starting, and in addition open an alley 5 feet wide on the north side of said lot; and the party of the second part covenant and agree to pay to the party of the first part said sums of money, together with the interest, in time and manner aforesaid, and open an alley 5 feet wide along the north side of said described lot to unite with alley opened by said party of the first part, all which conditions, both the payments of the money and the interest, at the several times above mentioned.   In witness whereof the parties have hereunto set their hands and seals the day and year above written.

|  |  | BARNHART KLINE, | (Seal.) |
|---|---|---|---|
| MILO HUNTER. |  | S. M. TERRY, | (Seal.) |

The said S. M. Terry, clerk, and Milo Hunter, named, and who signed said contract, were acting at the time for the said village of Clyde, then, and now a municipal corporation under the laws of Ohio. And afterwards and on June 3rd, 1873, the village council of said village of Clyde, by the unanimous action of all said councilmen, duly passed and adopted the following resolution: "Be it resolved by the council of the incorporated village of Clyde, Ohio, all the members concurring therein, that the contract made and entered into with Barnhart Kline, May 27, 1873, for the purchase of lot for town hall by S. M. Terry and Milo Hunter, committee appointed for that purpose on behalf of the village, be approved and the mayor and clerk of the village are hereby authorized to issue the obligations of the village to said Barnhart Kline in payment for the same, pursuant to said contract, "adopted June 3, 1873, and upon June 4, 1873, and pursuant to said resolution the said mayor and clerk did execute and deliver to the said Barnhart Kline an obligation of which the following is a copy: "On the first day of April, 1887, the treasurer of the incorporated village of Clyde, Sandusky county, Ohio, will pay Barnhart Kline two thousand sixty-two and 50-100 dollars, if he be then alive. If not living at the maturity of this obligation, then this obligation shall be void and no part of it shall be paid.

"This bond is issued pursuant to a resolution passed by the council of the incorporated village of Clyde, June 3, 1873. Witness our hands and official seals at Clyde, Ohio, this 4th day of June, 1873.

"S. W. REED, Mayor.

"S. M. TERRY, Clerk."

On June —, 1873, the defendant paid to said Kline upon said contract and purchase $687.50 in cash; the interest has been paid on said obligation for $2,062.50 up to April 1st, 1887. Plaintiff further alleges that said lot or parcel of land described in said written agreement set out by copy was worth at the time said contract was entered into and now fully $3,000.

On June —, 1873, said Barnhart Kline, then in life, executed and delivered to said village of Clyde, a deed in due form, and thereby conveyed said lot or parcel of land to the village of Clyde, and received the obligation hereinbefore set out, and said sum of $687.50 in money, and there is yet due and unpaid to the plaintiff, as administrator, the sum of $2,062.50, with interest at eight per cent., payable annually from April 1, 1887. Said Barnhart Kline died testate on August 3, 1885, leaving a last will and testament, which was afterwards contested and set aside, and held for naught. About February 28, 1888, the plaintiff, as administrator, demanded payment from said defendant of the amount due and unpaid upon said contract and obligation of $2,062.50, and interest at eight per cent., payable annually after April 1, 1887, which sum the defendant refused to pay. Plaintiff avers that the stipulation in said contract, that said sum should be payable on April 1, 1887, if said Barnhart Kline should be then living, and if he should be dead, that no part of the principal should be paid after his death, is contrary to public policy and void, and is in the nature of a wagering contract; said Barnhart Kline died prior to said April 1, 1887. The defendant took possession of said property conveyed by said Kline on June 1, 1873, and has ever since held, and now has entire possession and control of same, and all the use, benefit and income thereof. There is due and unpaid upon said contract and obligation the sum before mentioned, with interest from April, 1887, at eight per cent., and by reason of the premises the said Barnhart Kline had in his life, as his administrator has now, a vendor's lien in and upon said premises hereinbefore described. And plaintiff prays that the court will take, and state an account between the parties, and ascertain what sum remains due and unpaid from said village of Clyde upon said contract and obligation, that the same may be adjudged a valid and subsisting lien, in the nature of a vendor's lien upon said lot or parcel of land, and for an order and decree that said lot or

parcel of land may be sold and the proceeds applied in payment of the sum so found due and unpaid, including interest, and that execution may be awarded in favor of the plaintiff for any balance remaining unpaid from the proceeds of said sale, and for all proper and adequate relief.

Upon the face of the obligation which the plaintiff below sets up, giving effect to all the language therein, it would seem that there was nothing due, because the obligation recites that in case the said Barnhart Kline should die before April 1, 1887, this sum now claimed should not be paid. And it appears that he did die before that date. But it is stated in the petition, and claimed in the argument of counsel for Mohn, that this condition of the contract is void, and that the contract ought to be construed and enforced in every respect as if its terms were as they appear in the amended petition without this clause, which is claimed to be void.

It will be seen from a view of the petition that it is not a petition to set aside this deed and contract, or to recover the rents and profits of the land, but the attempt is to recover on the strength of the contract itself. The condition by which it is provided that this sum shall not be paid if Kline die before April 1, 1887, is claimed by counsel for Mohn to be unlawful, as being a wagering contract, or as being an attempt to make a disposition of property testamentary in its character without properly executing a will for the purpose, or as making it the interest of the beneficiaries under the deed that the life of Mr. Kline should terminate before a certain date, and that therefore it is void. If this be so, if this condition alone is illegal, and is so separated from the rest of the contract that the other provisions of the contract can stand and be enforced, the amended petition contains facts sufficient to constitute a cause of action, and the action of the court of common pleas was right.

We think, however, that this contract would come under the general rule that the whole contract is to be looked at in order to construe any of its provisions; and applying that rule, the defendant below did not agree to pay the amount now sued for at all events and without condition, but it was to be paid only in case the life of Mr. Kline should extend beyond April 1, 1887, and that condition, be it legal or illegal, is an essential part of the whole contract. In this view it would make no difference in the result upon what particular ground the contract should be held void. If void for any cause, of course its provisions cannot be enforced in favor of either party, and the plaintiff below would not be entitled to a judgment upon it. If, however, the contract be not void, but to be enforced according to its provisions, then it appears clear that no cause of action is stated in the amended petition. Hence it would make no difference in determining the questions arising on the demurrer whether we should hold the contract void or valid.

This is not an action brought under the statute for recovering money or property lost on a wager or bet. When the parties entered into this contract Mr. Kline had his land; that was the thing he had to do with; and his administrator says that he conveyed this land to the village. If he conveyed it under a void contract it still leaves the legal title of the land in the village. What might be the rights of the plaintiff below or the heirs of Mr. Kline, in an action under the statute regarding recovering money or property lost on a wager, to recover said land and the rents and profits that the village had received, or whether such action would be barred by the statute of limitation, which has been discussed by counsel, it is not necessary now to determine. The case in Lucas v. Harper, 24 O. S., 328, and the case in the Harper v. Crain, 36 O. S., 338, cited by counsel, were cases brought directly under these statutes, and are not applicable to this case brought, as it is, to enforce a contract.

We think, however, that this is a contract that the parties had a perfect right to make and to have enforced. Many contracts are made for the support of old people during their lives, or to pay them certain sums during their lives for

a present fixed consideration, and the enforcement of such contract is never refused, so far as I know, on the ground that they are against public policy. This contract provided that the village should pay the highest legal rate of interest on this sum of $2,062.50, and it so happened that in the payment of this interest it has paid a sum in excess of the principal already. The old gentleman might well have considered that in case he died by April 1, 1887, he would not need the principal, would have it bearing said rate of interest, payable each year, until that time, but if he should live beyond that date his age and necessities might require the principal sum.

As to the claim of a vendor's lien:

The mere allegation that the legal title to land has been conveyed, without the averment of any legal contract, express or implied, that the land should be paid for, does not show a right in the grantor in the nature of a vendor's lien. If one simply conveys to another the legal title to land it does not necessarily follow that the grantee in the deed is bound to pay to the grantor whatever that land is reasonably worth, or any other sum. An owner of land, unless he violates some law, or some requirement of public policy, or the rights of creditors, has a perfect right to deliver to another, even as a free gift, the title to his land, and, having done so, he can not afterwards assert a vendor's lien as against his grantee. In order to enforce a vendor's lien he must show that the land was conveyed under such circumstances that there was a purchase price to be paid, for the vendor's lien is to secure the purchase price. But from the averments in this petition it would seem that all that was to be paid for the land by the terms of the contract, has been paid. If the contract fixing the amount and conditions of payment were void, no implied contract would arise that the village should keep the land and pay for it otherwise.

From these considerations it follows that the demurrer, instead of being overruled, should have been sustained, and judgment entered for the defendant below unless the plaintiff below desired to further amend his petition.

The judgment of the court of common pleas must therefore be reversed, and the cause remanded to that court for further proceedings according to law.